UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ALBERT MENDEZ, | * | CIV 07-4065 |
| Petitioner, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| WARDEN WHITEHEAD, | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Albert Mendez, an inmate at the Federal Prison Camp ("FPC") in Yankton, South Dakota, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons discussed below, the writ will be denied.

## BACKGROUND

On May 31, 2000, Petitioner was sentenced in the United States District Court for the Northern District of Illinois to 135 months of imprisonment followed by five years of supervised release for Conspiracy to Possess with Intent to Distribute Cocaine. His projected release date is July 23, 2009. Petitioner filed this § 2241 action on May 1, 2007, seeking placement in the next available Residential Drug Abuse Program (RDAP) at the Yankton Prison Camp so that he would be eligible for early release consideration under 18 U.S.C. § 3621(e). He filed a motion for a preliminary injunction and asked for an expedited ruling because he claimed that if he did not begin the program immediately he would not be eligible for the entire 12 month sentence reduction allowed by statute. By Memorandum Opinion and Order issued on August 3, 2007, Petitioner's motion for a preliminary injunction was denied, and Respondents were directed to respond to the §2241 petition. (Doc. 7.)

Respondent's August 8, 2007 Answer states that Petitioner is scheduled to begin the RDAP in one of the upcoming classes. He may have started the program in September. Other classes are tentatively scheduled to begin in November and December. According to the Declaration of William D. Pierce, Ph.D., coordinator for the RDAP at the Yankton Prison Camp, if Petitioner successfully completes the RDAP he will receive a sentence reduction. Petitioner has been advised that he is provisionally eligible for early release, but that early release is not guaranteed until successful completion of the entire RDAP. Dr. Pierce explains in his Declaration that there is a long waiting list for inmates to participate in the RDAP at the Yankton Prison Camp. This has resulted in most inmates receiving less than an entire year sentence reduction after successful completion of the RDAP. "Rather, the inmate population traditionally receives between six and nine months sentence reduction . . . ." (Doc. 11-1.)

Petitioner asserts that he has a "statutory right" to a full one year sentence reduction. Respondent gives three grounds for dismissal of this § 2241 habeas petition: 1) Petitioner has failed to exhaust his administrative remedies; 2) Petitioner's claim is not ripe for review because he has not successfully completed the RDAP; and 3) inmates do not have a right to a one-year sentence reduction even after successful completion of the RDAP.

## DISCUSSION

The BOP has a three-level administrative remedy process which must be exhausted before an inmate can bring an action in federal court. *See* 28 C.F.R. § 542 *et seq.*; *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000) (affirming district court's dismissal of inmate's § 2241 for failure to exhaust administrative remedies). The Declaration of Diane Meyers shows that Petitioner has not exhausted his administrative remedies. However, the Bureau of Prisons has repeatedly affirmed its position that inmates are not entitled to a one-year sentence reduction even after successful completion of the RDAP, including in cases before this Court, and the Court will excuse Petitioner's failure to exhaust because it would be futile. *See Gibson v. Berryhill*, 411 U.S. 564, 575 n. 14 (1973) (noting that courts have not required exhaustion of administrative remedies where the administrative agency had "predetermined the issue before it"); *Elwood v. Jeter*, 386 F.3d 842, 845 n. 1 (8th Cir.

2

2004) (noting that the government conceded that petitioner's continued use of the grievance procedure to contest the validity of the BOP's policy would be futile).

Respondent argues that Petitioner's claim is not ripe for review. This Court cannot decide a claim that is not ripe. *See Ohio Forestry Association, Inc. v. Sierra Club*, 523 U.S. 726 (1998). The Eighth Circuit has repeatedly stated that a case is not ripe if there is no showing that the injury is "direct, immediate, or certain to occur." *Public Water Supply District No. 10 of Cass County, Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 573 (8th Cir. 2003). The BOP's final decision on Petitioner's request for a one-year sentence reduction will not be known unless and until Petitioner successfully completes the RDAP. At that point, however, Petitioner will have less than a year of his sentence to serve.[1] Thus the Court will address the merits of Petitioner's claim that he is entitled to a one-year sentence reduction upon successful completion of the RDAP.

The statute authorizing the BOP to grant sentence reductions of up to one year for those who successfully complete the 500-hour RDAP is permissive:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C.A. § 3621(e)(2)(B). As stated by the Supreme Court, "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001). *See also Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000) (language of statute allowing early release upon completion of treatment program is permissive and does not guarantee eligible inmates early release). Because the BOP has discretion whether to grant a sentence reduction after successful completion of drug treatment, Petitioner has no right or

---

[1] The RDAP includes a nine month residential treatment program, as well as three to six months of treatment in a Residential Re-entry Center. *See* Declaration of Dr. Pierce at ¶ 9. As stated earlier, Petitioner's projected release date is July 23, 2009.

3

entitlement to a one-year sentence reduction. For these reasons, Petitioner's § 2241 will be denied. Accordingly,

> IT IS ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2241 is denied.
>
> Dated this 15th day of November, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
(SEAL)        DEPUTY

4